**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

EDWIN HERBERT ROSS,
          *Defendant-Appellant.*

No. 06-50569

D.C. No.
CR-02-00063-VAP-
07

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
December 4, 2007—Pasadena, California

Filed January 14, 2008

Before: Harry Pregerson, Stephen S. Trott, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Pregerson

**COUNSEL**

Karen L. Landau, Oakland, California, for the appellant.

George S. Cardona, United States Attorney; Thomas P. O'Brien, Assistant United States Attorney, Chief, Criminal Division; Craig H. Missakian, Assistant United States Attorney for the appellee.

**OPINION**

PREGERSON, Circuit Judge:

Edwin Ross appeals his conviction and 188-month sentence following a guilty plea to one count of conspiracy to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm in part and remand in part.

## *STANDARD OF REVIEW*

We review de novo the sufficiency of a Rule 11 plea collo-quy. *United States v. King*, 257 F.3d 1013, 1021 (9th Cir. 2001). A Rule 11 mistake not preserved by timely objection below is subject to plain error review. *United States v. Domin-guez Benitez*, 542 U.S. 74, 76 (2004). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). We apply a plain error standard of review to sen-tencing errors not raised below. *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005).

## *DISCUSSION*

### I.

Ross argues that his guilty plea is invalid because the plea colloquy did not comply with Federal Rule of Criminal Proce-dure 11. The district court showed great patience during the lengthy plea colloquy, which lasted more than forty minutes and spans thirty-three pages of the record. However, the court overlooked its regular practice of advising the defendant that the government must prove its case beyond a reasonable doubt. *See Benchbook for U.S. District Court Judges* 78 (5th ed.) (2007) ("Ask the defendant: Do you understand . . . that at trial you would be presumed to be innocent and the govern-ment would have to prove your guilt beyond a reasonable doubt[?]").

**[1]** This was error. Rule 11 provides, in part, that Ross must understand his "right to a jury trial" and "the nature of each charge" before his guilty plea may be accepted. *See* Rule 11(b)(1)(C), (G). Because the reasonable doubt standard of proof is a due process requirement that permeates all aspects of a criminal trial, *see In re Winship*, 397 U.S. 358 (1970), we read Rule 11 as requiring an advisement of the reasonable

doubt standard of proof.[1] Such an advisement was particularly necessary in this case because admission to the stated drug quantity exposed Ross to a higher sentence. *United States v. Minore*, 292 F.3d 1109, 1113 (9th Cir. 2002) ("[B]efore accepting a guilty plea, the district court must advise the defendant that the government would have to prove to the jury beyond a reasonable doubt any quantity of drugs that would expose the defendant to a higher statutory maximum sentence."); *see also* 21 U.S.C. § 841(b) (prescribing different statutory maximums for violations involving various quantities of crack).

**[2]** However, a Rule 11 error does not necessarily invalidate a guilty plea. Because Ross did not object to the Rule 11 violation, the plain error standard of review applies, with its requirement that the defendant show "a reasonable probability that, but for the error, he would not have entered the [guilty] plea." *Dominguez Benitez*, 542 U.S. at 76.

**[3]** In ascertaining Ross' understanding of the burden of proof, we are not restricted to the record of the plea colloquy. *See United States v. Vonn*, 535 U.S. 55, 74-75 (2002). Here, Ross acknowledged his understanding of the standard of proof in the affidavit he filed in support of his motion to withdraw the guilty plea. His affidavit stated, "[y]our Honor, at the time of my plea, I thought that I could . . . have the drug amount

---

[1]Other circuits have also recognized that an advisement of the reasonable doubt standard of proof is required under Rule 11. *See, e.g.*, *United States v. Wagner*, 996 F.2d 906, 912 (7th Cir. 1993) ("Pursuant to [Rule 11,] the court advised the defendants that . . . they would not be convicted unless proved guilty beyond a reasonable doubt."); *United States v. Bell*, 966 F.2d 914, 917 (5th Cir. 1992) ("[T]he district court engaged [the defendant] in the requisite Rule 11 colloquy, advising him of . . . the right to a . . . public trial by jury at which the government would have to prove him guilty beyond a reasonable doubt . . . ."); *United States v. Wade*, 940 F.2d 1375, 1377 (10th Cir. 1991) ("[T]he district court followed the requirements of Rule 11 by discussing with the defendant . . . the right . . . to have the government prove all the elements of the offense beyond a reasonable doubt . . . .").

proven beyond a reasonable doubt." Moreover, Ross read and signed a plea agreement that informed him that he was giving up "[t]he right to be presumed innocent and to have the burden of proof placed on the government to prove [him] guilty beyond a reasonable doubt." Because Ross knew the reasonable doubt standard applied, he cannot establish "a reasonable probability that, but for the [Rule 11] error, he would not have entered the [guilty] plea," *Dominguez Benitez*, 542 U.S. at 76. Accordingly, we hold that the district court's failure to advise Ross of the standard of proof did not constitute plain error.

## II.

Alternatively, Ross argues that the district court abused its discretion when it denied Ross' motion to withdraw his guilty plea. Ross claims that his intention to plead guilty to conspiracy while retaining the right to litigate the drug quantity constitutes a "fair and just reason" for withdrawing his plea under Federal Rule of Criminal Procedure 11(d)(2)(B). He contends that he did not understand the consequences of the guilty plea.

**[4]** Ross' statements during the plea colloquy flatly contradict this claim. While under oath, he testified that he understood "the consequences to [him] of pleading guilty." During the colloquy, Ross asked, "will there still be a hearing to establish a factual basis in determining the drug amount[?]," and the court informed him, "by pleading guilty, you are agreeing to the base amount." The government then stated the factual basis, which alleged that Ross conspired to distribute "approximately 290 grams of cocaine base." The court asked Ross, "do [you] agree with what the attorney for the government just stated that you did in this case?," and Ross said, "[y]es." When the court questioned, "[d]o you understand that all that's left in your case, if I accept your guilty plea, is for you to be sentenced?," Ross again replied, "[y]es." Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea. *United States v. Kaczynski*, 239 F.3d 1108,

1115 (9th Cir. 2001) (giving "substantial weight" to a defendant's in-court statements in determining whether a guilty plea was voluntary); *United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) ("[S]tatements made by a criminal defendant contemporaneously with his plea should be accorded great weight because [s]olemn declarations made in open court carry a strong presumption of verity.") (internal quotation omitted).

**[5]** Nor can the failure to advise Ross of the standard of proof constitute a "fair and just reason" for withdrawal because Ross understood that the reasonable doubt standard applied, as reflected in the affidavit he filed and in the plea agreement he signed — both of which are quoted above. Accordingly, we uphold the district court's decision to deny Ross' motion to withdraw his guilty plea.

## III.

**[6]** Finally, Ross requests that this case be remanded under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). After Ross was sentenced, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Court held that the Sentencing Guidelines are advisory and that the appellate courts should review sentences for "unreasonableness." *Id.* at 264. Here, the district court's sentence was imposed at a time when courts believed the Guidelines were a mandatory sentencing regime. This constitutes plain error under *Booker. See Ameline*, 409 F.3d at 1073. Accordingly, we remand for further proceedings pursuant to *Ameline*.[2] *See id.* at 1084-85.

---

[2] It should be noted that the Sentencing Guidelines for crack cocaine offenses were amended during Ross' appeal. *See Guidelines Manual* (2007), Appendix C, Amendment 706. The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other controlled substances. This amendment became

Conviction AFFIRMED; sentence REMANDED.

---

effective November 1, 2007, and applies to defendants sentenced on or after that date. On March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007, will be authorized pursuant to 18 U.S.C. § 3582(c)(2). In addition, the Supreme Court recently held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' . . . ." *Kimbrough v. United States*, 552 U.S. ___ (2007).