**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angel FIGUEROA–COMACATECO,**
**Defendant–Appellant.**

**No. 07–10029.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2008 *.

Filed Feb. 14, 2008.

As Amended on Denial of Rehearing
April 7, 2008.

Monte C. Clausen, AUSA, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Brian I. Rademacher, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: SILVERMAN, McKEOWN,
and TALLMAN, Circuit Judges.

MEMORANDUM **

Angel Figueroa–Comacateco appeals his jury conviction for violating 8 U.S.C. § 1326(a) for illegal reentry after deportation and his fifty-seven month sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1294 and affirm.

Figueroa–Comacateco argues that the district court erroneously denied his motion for judgment of acquittal; he says that the government's evidence, absent his

---

* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

own admissions, failed to show that he entered the U.S. "free from official restraint." We review de novo a district court's decision to deny a motion for judgment of acquittal. *See United States v. Sutcliffe,* 505 F.3d 944, 959 (9th Cir.2007). "*[C]orpus delicti* evidence is required only when a confession is the sole basis for a conviction." *United States v. Norris,* 428 F.3d 907, 913 (9th Cir.2005). In such a case, "the government must also adduce some independent corroborating evidence." *Id.* (internal quotation marks omitted).

The government showed at trial that Figueroa–Comacateco was discovered approximately two miles north of the Arizona–Mexico border. A fingerprint expert testified that Figueroa–Comacateco's prints matched those of the man arrested on the day in question and on documents in an A-file. Those documents proved that Figueroa–Comacateco had been deported previously and had not been approved to return. Because this evidence was sufficient to establish the *corpus delicti* of an 8 U.S.C. § 1326(a) offense, there was no error in denying Figueroa–Comacateco's motion for judgment of acquittal. *Id.* at 913–15.

Figueroa–Comacateco also raises two sentencing claims, both of which we review for plain error. *See United States v. Ross,* 511 F.3d 1233, 1235–36 (9th Cir.2008).

First, he argues that the district court erred in enhancing his sentence by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii) because, he says, the government did not prove that his prior alien smuggling offense was not committed to assist, abet, or aid his spouse, child, or parent. The burden of proving this exception falls explicitly on Figueroa–Comacateco. *See* U.S.S.G. § 2L1.2 cmt. (1.B(i)); 8 U.S.C. § 1101(a)(43)(N). Figueroa–Comacateco has not met this burden.

Second, Figueroa–Comacateco argues that his sentence was unreasonable be-

cause, he says, the district court failed to consider a mitigating factor—namely, that he reentered the United States for familial reasons.

The district court found Figueroa–Comacateco's guideline range to be 63 to 78 months through correct calculation. Figueroa–Comacateco's attorney requested a 63–month sentence. Prompted by the government's motion, the district court granted a downward departure pursuant to U.S.S.G. § 5K2.0 and imposed a 57–month sentence, below that called for by Figueroa–Comacateco and suggested by the Guidelines. The district court did not fail to consider mitigation. We hold that the sentence was reasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**