**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Miguel Angel MEJIA–VASQUEZ,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

**v.**

**Miguel Angel Mejia–Vasquez,
Defendant–Appellant.**

Nos. 06–10620, 06–10634.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Feb. 15, 2008.

---

John Zachary Boyle, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Nancy L. Hinchcliffe, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Miguel Angel Mejia–Vasquez appeals from his jury conviction and 92–month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He also appeals the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mejia–Vasquez argues that the district court erroneously denied his motion for judgment of acquittal. He contends that the government's evidence, not counting his confession, failed to establish all of the elements of the offense. And the confession, he says, was admitted in violation of the *corpus delicti* rule. We review for plain error because Mejia–Vasquez did not renew his motion for judgment of acquittal after presenting his own evidence. *See*

*United States v. Alarcon–Simi,* 300 F.3d 1172, 1176 (9th Cir.2002).

■ "[C]*orpus delicti* evidence is required only when a confession is the sole basis for a conviction." *United States v. Norris,* 428 F.3d 907, 913 (9th Cir.2005). Here, the evidence showed that Mejia–Vasquez was physically found in the United States, a distance from the border. That evidence, coupled with proof from the A-file that the defendant previously had been deported and did not have permission to return, satisfies the *corpus delicti* rule. Furthermore, the fingerprint evidence linked the confession and the documents in the A-file to Mejia–Vasquez. *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1074 (9th Cir.2005).

Likewise, the district court did not plainly err in denying Appellant's motion for judgment of acquittal, and in revoking Mejia–Vasquez's supervised release.

Mejia–Vasquez also argues that the district court made various errors in calculating his sentence. We review each claim for plain error because they were not brought before the district court. *United States v. Ross,* 511 F.3d 1233, 1235–36 (9th Cir.2008).

■ Mejia–Vasquez argues that the district court erred by adding two criminal history points for his 1997 Arizona conviction as a first-time drug offender. He contends that he received his 90–day sentence in violation of Arizona state law. The prison sentence, however, has not been vacated or reversed. Mejia–Vasquez cannot collaterally attack the sentence at this juncture because it was not appealed and he had a lawyer at the time. *See Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994);

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Mitchell v. City of Los Angeles,* 753 F.2d 86, 87 (9th Cir.1984). The district court did not plainly err in considering the Arizona conviction in its sentencing calculation. *See United States v. Guthrie,* 931 F.2d 564, 572 (9th Cir.1991).

■ Mejia–Vasquez further argues that his prior conviction for criminal damage should not have been used to add a point to his criminal history total because the information relevant to it in the presentence report was not "reliable" enough. However, he did not object to the accuracy of that information in the district court. "[A] district court may rely on an unchallenged PSR at sentencing to find by a preponderance of the evidence that the facts underlying a sentence enhancement have been established." *United States v. Romero–Rendon,* 220 F.3d 1159, 1161 (9th Cir.2000). The district court did not plainly err in relying on the not-objected-to information.

■ Finally, Mejia–Vasquez contends that the district court erred in not crediting him two levels for his "acceptance of responsibility" under U.S.S.G. § 3E1.1. "When a defendant chooses to put the government to its burden of proof at trial, a downward adjustment for acceptance of responsibility should be 'rare.'" *United States v. Weiland,* 420 F.3d 1062, 1080 (9th Cir.2005) (quoting U.S.S.G. § 3E1.1, comment. (n. 2)). Mejia–Vasquez elected to go to trial and asserted a defense. The district court did not plainly err in denying acceptance of responsibility credit.

**AFFIRMED.**