**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30207 |
| Plaintiff - Appellee, | D.C. No. 1:08-CR-00232-BLW-1 |
| v. | |
| JOSE MANUAL HERRERA-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted August 6, 2010[**]
Seattle, Washington

Before: CANBY, NOONAN and BERZON, Circuit Judges.

Jose Manual Herrera-Lopez appeals from his 46-month sentence imposed

following a guilty plea to one count of unlawful reentry in violation of 8 U.S.C. §

1326. Because Herrera-Lopez did not object to the adequacy of the Rule 11 plea

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

colloquy before the district court, we review for plain error. *E.g., United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009). We dismiss in light of the valid appeal waiver.

The record does not support Herrera-Lopez's claim that the appeal waiver is invalid because the district court failed to satisfy Rule 11(b)(1)(N) during the plea colloquy. The district judge informed Herrera-Lopez that he was "giving up the majority of [his] rights to appeal the . . . sentence . . . . other than those few that are delineated in the plea agreement" and confirmed that he understood he was doing so. The court therefore "addressed the defendant personally" regarding the appeal waiver and "determine[d] that [he] underst[ood]" the meaning of the waiver in compliance with FED. R. CRIM. P. 11(b)(1)(N). *See United States v. Siu Kuen Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002). In addition, Herrera-Lopez confirmed—both in writing before the Rule 11 colloquy and orally during it—that he read the entire plea agreement, understood its terms, and discussed it with his attorney. *See id.* at 1005; *see also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Further, the district court provided notice that it could depart from the sentencing guidelines and was not required to discuss potential guideline adjustments. *See United States v. Barragan-Espinoza*, 350 F.3d 978, 982 (9th Cir. 2003). Therefore, any error by the district court in failing to discuss with Herrera-Lopez the specific terms of the exceptions to the appeal waiver did not affect his substantial rights. *See Ross*, 511

F.3d at 1236. *Cf. United States v. Arellano-Gallegos*, 387 F.3d 797 (9th Cir. 2004) (setting aside an appeal waiver where there was a "wholesale failure" to mention it).

Because the district court did not commit plain error in its Rule 11 colloquy, we enforce the appeal waiver and dismiss the appeal.[1] *See, e.g., Watson*, 582 F.3d at 987.

**DISMISSED.**

---

[1]Because Herrera-Lopez knowingly and voluntarily waived his right to appeal, we do not reach the sentencing enhancement question. *See Ma*, 290 F.3d at 1005 n.1.