**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10586 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00080-CRW-PAL-1 |
| v. | |
| MICHAEL JENKINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Charles R. Wolle, Senior District Judge, Presiding

Argued and Submitted December 9, 2011
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and STAFFORD,[**] Senior District Judge.

   Michael Jenkins pleaded guilty to a massive wire fraud. His counseled plea agreement contained an appeal waiver, a waiver which excepted "non-waivable claims of ineffective assistance of counsel."

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

He appeals, asserting first that the district court's denial of his motion to withdraw his plea including the appeal waiver constituted error. He does so on two grounds.

First, Jenkins argues that because he suffered a concussion during an automobile accident on June 29, 2010, he was incompetent to enter a plea of guilty on July 28, 2010. The district court determined to the contrary. The court based its finding on the full and complete plea colloquy it personally conducted at the time of the plea. The court said in rejecting Jenkins's motion that the court had "determined during the plea proceeding [that] defendant Michael Jenkins knew the consequences of entering into the plea agreement with the Government and was fully competent at the time." We have carefully examined the transcript of the plea proceedings and conclude that the district court's findings are fully supported by it. During the colloquy, Jenkins actively disclaimed any mental or physical problems or difficulties that might interfere with his competency knowingly to plead guilty. "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings to attack the plea." United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008). Moreover, he expressed satisfaction with the advice he had received from his attorney, saying that he was "most pleased with her performance," and that she was "excellent."

2

Under these circumstances, the court's conclusion that Jenkins had not demonstrated a fair and just prima facie case to withdraw his plea on this ground was correct.[1]

Second, Jenkins claims that because his attorney's performance was defective -- notwithstanding his praise of her during his plea colloquy -- he should have been allowed to withdraw his plea. Here, too, we agree with the district court: "I find that there's nothing here to show ineffectiveness of counsel." As the record stands, Jenkins has not made any showing whatsoever that anything his attorney did or did not do in connection with the plea was ineffective or deficient.

We do not routinely review on direct appeal claims of ineffectiveness of counsel unless (1) the record is sufficiently developed to do so, or (2) the inadequacy of counsel's representation is obvious. United States v. Jeronimo, 398 F.3d 1149, 1155-56 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Neither of these exceptions applies to this case. If Jenkins has claims that his counsel was ineffective, he must pursue them in collateral proceedings, including any claims regarding counsel's handling of his motion to withdraw his plea.

---

[1] The record is devoid of any reliable evidence of what his civilian non-expert witnesses might have to offer on this issue.

Accordingly, we affirm the district court's denial of Jenkins's motion to withdraw his plea, and we dismiss his appeal pursuant to his appeal waiver.

AFFIRMED and DISMISSED.