FILED

**NOT FOR PUBLICATION**

OCT 16 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50186 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00014-VAP-4 |
| v. | |
| OMAR LOPEZ-ZAMORAN, AKA Omar Lopez-Perez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted October 9, 2012[**]
Pasadena, California

Before: TROTT, KLEINFELD, and McKEOWN, Circuit Judges.

Omar Lopez-Zamoran pleaded guilty to conspiracy to possess with intent to

distribute methamphetamine in violation of 21 U.S.C. § 846 and to possession with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). After a jury trial, he was found guilty of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He appeals his conviction and sentence, raising three issues. We address each in turn, and affirm.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## I.

Lopez-Zamoran claims that several statements introduced at his trial violated his Confrontation Clause rights. Because he failed to raise these claims until appeal, we review for plain error. Fed R. Crim. P. 52(b); United States v. Allen, 425 F.3d 1231, 1235 (9th Cir. 2005). Plain error exists when there is 1) an error 2) plain under current law 3) that affected the defendant's substantial rights – normally by being prejudicial. United States v. Olano, 507 U.S. 725, 732-35 (1993). The burden of showing prejudice lies on the defendant. Id. at 734. If he meets that burden, we then have the discretion to remedy the error if it "seriously

affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (internal quotation marks and alteration omitted).

Lopez-Zamoran first argues that police should not have been allowed to testify about out-of-court statements made by fellow officers, a confidential informant, and co-defendant Alfonso Yon Fong shortly before and during the drug bust at which he was arrested. These statements did not affect the outcome of the district court proceedings. They merely helped to establish that Lopez-Zamoran had and intended to sell drugs, and that he had been working with Yon Fong, who had brought a gun with him to the drug sale. Lopez-Zamoran stipulated at trial that he had pleaded guilty to possessing methamphetamine with intent to distribute, and that Yon Fong had pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime. Testifying witnesses also established that Yon Fong and Lopez-Zamoran were working together.

Lopez-Zamoran also argues that the court erred in allowing the government's expert witness to testify that Yon Fong said he carried a gun to the drug deal "for protection." The court did not err, because Lopez-Zamoran opened the door to such testimony. United States v. Beltran-Rios, 878 F.2d 1208, 1211-13

3

(9th Cir. 1989).  Lopez-Zamoran cannot claim to be prejudiced by questioning meant to cure potential misunderstanding about an issue he himself raised.  Id. at 1212.

## II.

Lopez-Zamoran claims that there was insufficient evidence to support his conviction for possessing a firearm in violation of § 924(c).  We review insufficiency of the evidence claims de novo.  United States v. Green, 592 F.3d 1057, 1065 (9th Cir. 2010).  We must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

We hold that there was sufficient evidence to find Lopez-Zamoran guilty under a Pinkerton theory of liability.  United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir. 1989) (holding that a § 924(c) conviction can be sustained under a Pinkerton theory of liability).  The jury heard expert testimony on the presence of

guns at high-value drug deals, as well as evidence that Yon Fong and Lopez-Zamoran were related, lived in the same house, and had traveled to the drug sale in the same car. Given this evidence, a rational jury could have found that Yon Fong's gun possession furthered the drug conspiracy, fell within its scope, and was reasonably foreseeable to Lopez-Zamoran as a consequence of the conspiracy. See Pinkerton v. United States, 328 U.S. 640, 646-48 (1946); United States v. Douglass, 780 F.2d 1472, 1475-76 (9th Cir. 1986). Lopez-Zamoran's actual knowledge of the gun need not be shown. United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1203 (9th Cir. 2000).

## III.

Lopez-Zamoran claims that the district court erred by making no finding regarding his eligibility for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Because he did not object to this alleged error below, we review for plain error. United States v. Ross, 511 F.3d 1233, 1235 (9th Cir. 2008).

To be eligible for safety valve relief, Lopez-Zamoran had to show the district court, by a preponderance of the evidence, that he did not possess a firearm

5

in connection with the offense or induce another participant to do so. U.S.S.G. § 5C1.2(a)(2); United States v. Ferryman, 444 F.3d 1183, 1186 (9th Cir. 2006). He did not make such a showing. The sentencing judge found that Lopez-Zamoran induced Yon Fong to help him sell the drugs, that there was certainly sufficient evidence for the jury to convict him of the firearm offense, and that the public needed to be protected from his possible future crimes because of the involvement of the firearm.

## IV.

Lopez-Zamoran argues that the three issues raised above amount to cumulative error so prejudicial that we must reverse. We find no plain error, and therefore no cumulative error requiring reversal. **AFFIRMED.**