**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAROLYN EXUM,

                 Petitioner - Appellant,

    v.

BILL HOEFEL, Superintendent, Coffee
Creek Correctional Facility,

                 Respondent - Appellee.

No. 09-35429

D.C. No. 3:06-cv-01301-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 5, 2012
Portland, Oregon

Before: ALARCÓN, McKEOWN, and NGUYEN, Circuit Judges.

      Petitioner Carolyn Exum appeals the district court's denial of her 28 U.S.C.

§ 2254 habeas corpus petition challenging her guilty plea to the murder of her

husband. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     We turn first to Exum's claim that the district court erred in deferring to the state post-conviction court's credibility determination, which was based on documentary evidence rather than live testimony.  According to Exum, deference was improper because the state court's fact-finding process "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004) ("[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.").  However, as we recently noted,

> we have never held that a state court must conduct an evidentiary hearing to resolve every disputed factual question; such a per se rule would be counter not only to the deference owed to state courts under AEDPA, but to Supreme Court precedent….A state court's decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable so long as the state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question.

Hibbler v. Benedetti, 693 F.3d 1140, 1147 (9th Cir. 2012).

Here, the state post-conviction court could have reasonably concluded that there was sufficient evidence in the record to resolve the factual dispute without

2

hearing live testimony.[1]  Exum's deposition testimony directly contradicted her

counsel's affidavit, in which he flatly denied her allegations of coercion.  It also

directly contradicted Exum's original plea petition and the transcript of the plea

proceeding in which she specifically advised the court that no threats or promises

had been made to induce her plea.  We have long recognized that statements at a

plea colloquy carry a strong presumption of truth in subsequent proceedings

challenging the plea.  See  Blackledge v. Allison, 431 U.S. 63, 73–74 (1977);

United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008).  We thus conclude that

the state court was not objectively unreasonable in making a credibility

determination without hearing live testimony.[2]  See Hibbler, 693 F.3d at 1149;

Perez v. Rosario, 459 F.3d 943, 950 (9th Cir. 2006).  Accordingly, the district court

did not err in deferring to the state court's factual findings.

---

[1] There is no evidence suggesting that the state post-conviction court denied Exum
an opportunity to present live testimony.  It held a hearing on Exum's post-
conviction petition, which Exum attended.  It appears that she simply chose not to
testify, or subpoena her trial counsel to testify, at this hearing.

[2] We note that, under Oregon law, a post-conviction court "may receive proof by
affidavits, depositions, oral testimony or other competent evidence." Or. Rev. Stat.
§ 138.620.  While compliance with state law is not alone dispositive, that the state
court acted in accordance with Oregon procedures further suggests that its
fact-finding process was not objectively unreasonable. See Taylor v. Maddox, 366
F.3d 992, 999–1000 (9th Cir. 2004).

3

2.      Exum's ineffective assistance of counsel ("IAC") claim based on allegations of her counsel's coercion also fails on the merits.  As explained above, the state post-conviction court's factual finding that Exum knowingly and voluntarily entered a guilty plea was not unreasonable in light of the evidence presented.  Nor did Exum demonstrate that the state court's rejection of her IAC claim based on counsel's alleged coercion was contrary to, or an unreasonable application of clearly established Supreme Court law.  See 28 U.S.C. § 2254(d)(1); see also Strickland v. Washington, 466 U.S. 668, 687 (1984).  Accordingly, the deferential review required under the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not permit the conclusion that the state court was objectively unreasonable in rejecting Exum's IAC claim and finding that her plea was knowing and voluntary.

3.      Lastly, we reject Exum's argument that the district court abused its discretion by striking her untimely-filed second amended petition and supporting memorandum, thus forcing her to proceed on an unsupported petition that did not contain all of her grounds for relief.  A district court has inherent power to manage its cases and ensure obedience to its orders. United States v. W.R. Grace, 526 F.3d 499, 509 (9th Cir. 2008).  The district court granted Exum multiple extensions of time, giving her over two years in which to file a supporting memorandum.  It

4

eventually concluded that the delay was interfering with the progress of the case and precluded her from seeking any further extensions or filing any new pleadings. Exum's counsel (inadvertently) disregarded this order when he filed a second amended petition and supporting memorandum. Under these circumstances, the district court did not violate Exum's due process by enforcing its order and refusing to consider her improperly-filed submissions—even though the government did not object. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (stating that "we give deference to the district court 'since it knows when its docket may become unmanageable'") (internal citation omitted). Moreover, although Exum claims to have suffered "great prejudice" due to the district court's action, she fails to adequately explain why it took her two years to assert the additional ground for relief articulated in the second amended petition. Accordingly, we conclude that the district court did not abuse its discretion in striking Exum's second amended petition and supporting documents.

**AFFIRMED**.

5