**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50019 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00322-DDP-1 |
| v. | |
| FAYE OPAL LATTIMORE SHILLING, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted December 3, 2012[**]
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Faye Shilling appeals her guilty plea and sentence for two counts of wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not plainly err in accepting Shilling's plea even though she later informed the U.S. Probation office that she had been diagnosed with paranoid schizophrenia in the late 1980s. There was no evidence before the district court that her guilty plea was not voluntary, or that she did not understand the rights she relinquished by pleading guilty and the consequences of doing so. *See* Fed R. Crim. P. 11(b). In response to the court's questions, Shilling and her counsel told the court that she understood everything that was occurring and the consequences of pleading guilty. She stated that she agreed with the government's offer of proof as to the facts underlying the charged offenses, and her attorney averred that Shilling was competent and had cooperated in her defense. "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea," *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008), and "[t]rial counsel's assurances to the court are relevant because 'a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings.'" *Stanley v.*

*Cullen*, 633 F.3d 852, 861 (9th Cir. 2011) (quoting *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991)).[1]

The district court also did not clearly err in calculating the amount of loss from the fraud for purposes of determining Shilling's offense level. Under the Sentencing Guidelines' treatment of fraud convictions, any of Shilling's criminal acts and the foreseeable criminal acts of her co-participants that "were part of the same course of conduct or common scheme or plan as the offense of conviction" are relevant to her sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.3(a). Thus, "conduct which was part of the scheme is counted, even though the defendant was not convicted of crimes based upon the related conduct." *United States v. Fine*, 975 F.2d 596, 600 (9th Cir. 1992) (en banc). The district court therefore did not err in including the full amount of loss for the overall scheme in its calculation.

**AFFIRMED.**

---

[1]Nor was there anything before the district court that would indicate that a *sua sponte* competency hearing was warranted. *Compare U.S. v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004) ("Among the factors our court considers to determine whether there was sufficient evidence of incompetence are the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence.") *with U.S. v. Dreyer*, 693 F.3d 803, 813 (9th Cir. 2012).