**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30029 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00274-HA-1 |
| v. | MEMORANDUM[*] |
| STEVEN DAVID AVERY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted May 16, 2014
Portland, Oregon

Before:  ALARCÓN, TASHIMA, and IKUTA, Circuit Judges.

In this direct criminal appeal, Appellant Steven Avery contends the district

court erred by failing to treat a pro se[1] letter Avery mailed to the district court as a

motion to withdraw Avery's guilty plea and hold a hearing on the matter.  In the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1]Avery was assisted before the district court at all times by appointed trial
counsel.  The district court had also granted Avery's request to proceed below as
pro se cocounsel.

letter, Avery asserts that he was innocent of the crimes to which he pleaded guilty and that his counsel coerced him into doing so by telling Avery that he would die in prison if he did not "throw [himself] on the mercy of the Court." We affirm the judgment because we conclude that the district court did not plainly err in failing to determine whether it should vacate Avery's plea of guilty in response to his pro se letter.

Neither party disputes the fact that Avery mailed the letter to the district court before the sentencing hearing. The record does not contain any evidence that the district judge himself received or read the letter. The Government does not contend in its responsive brief, however, that the district judge was not aware of the contents of the letter.

No motion was made to set aside Avery's guilty plea during the sentencing proceeding, nor was any reference made to Avery's pro se letter by him or his counsel. Avery therefore forfeited his right to present this claim to the district court. Accordingly we review for plain error. *United States v. Olano*, 507 U.S. 725, 733 (1993).

The record is sufficiently developed for us to determine that the facts alleged in the letter would not have warranted setting aside Avery's guilty plea. The district court therefore did not plainly err.

Avery's letter did not suggest any grounds that would provide a sufficient basis for allowing him to withdraw his plea. Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure permits a criminal defendant to withdraw a guilty plea after the district court accepts the plea, but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal." With respect to Avery's claim of innocence, the letter offers only a blanket denial of responsibility and an accusation that a third party had orchestrated the robberies. These claims are unsupported by a citation to any evidence demonstrating that he was not involved in the robberies. Nor do his claims overcome the strong presumption of the veracity of his sworn testimony at his plea hearing that he had aided in the robberies. A defendant's subsequent unsupported claim of innocence after pleading guilty does not qualify as a fair and just reason to withdraw his plea. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990) (district court did not abuse its discretion in ruling that the defendant's "unsupported protest" that he was "being blamed for a lot of stuff [he] didn't do" "was not a fair and just reason for withdrawal"); *see also United States v. Ross*, 511 F.3d 1233, 1237 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

Avery's contention that his attorney coerced him to plead guilty is unpersuasive. His letter simply indicates that his counsel made him aware of the consequences of going to trial. While threats or coercion by an accused's counsel may render a plea involuntary under certain circumstances, "[m]ere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion." *Iaea v. Sunn*, 800 F.2d 861, 867 (9th Cir.1986).

**AFFIRMED.**