**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10168 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00203-JAD-GWF-1 |
| v. | |
| KI CHONG YOO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 13, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

Ki Chong Yoo, a native of South Korea, pled guilty to numerous charges

stemming from a conspiracy to commit Travel in Interstate Commerce in Aid of

Racketeering by traveling from California to Nevada to rob a family. In exchange

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for pleading guilty, Yoo received a ten-year prison sentence, and waived his right to appeal the sentence imposed. Yoo subsequently filed a motion to dismiss his counsel, which the court granted, and to withdraw his plea agreement, which the court denied. The court sentenced Yoo to ten years in prison. Yoo appeals, arguing that inaccurate translations and cultural differences rendered his guilty plea invalid, and deprived him of his constitutional right to counsel. We affirm.

The "circumstances surrounding the signing and entry of [Yoo's] plea agreement" indicate that Yoo knowingly and voluntarily waived his right to appeal the denial of his motion withdrawing his guilty plea. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). Yoo's statements made "during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

In signing his plea agreement, Yoo acknowledged that no one had made any threats or promises to him, or had forced him to plead guilty. When asked if he was pleading guilty "because of any coercion or fear of any co-defendants," Yoo replied, "No, there's nothing like that." The court repeatedly advised Yoo that it was entirely his choice whether to accept the plea agreement or go to trial, and gave Yoo numerous chances to either "go forward with the plea agreement," or "go

2

to trial." Yoo stated, "I will follow the agreement." The court asked Yoo several times whether he understood his options and the terms of the plea agreement. Yoo asked for clarification when he did not understand, and agreed with the court's statement that he was "willing to accept the binding Plea Agreement and . . . sentence of 120 months."

The record does not support Yoo's contention that his plea agreement was accepted unknowingly or involuntarily.

**AFFIRMED.**