**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30008 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00298-BLW-1 |
| v. | |
| RAYMOND CAMACHO, AKA Jesus Mendoza-Nunez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted May 8, 2015[**]
Seattle, Washington

Before: WALLACE, KLEINFELD, and GOULD, Circuit Judges.

Raymond Camacho pled guilty to possession with intent to distribute a

controlled substance after he was arrested driving a car with over 50 grams of

methamphetamine hidden in the car. In exchange for pleading guilty, the remaining

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

charges in his indictment were dismissed, and he waived his right to appeal the sentence imposed. Camacho subsequently filed a motion to dismiss his counsel, which the district court granted, and to withdraw his plea agreement, which the district court denied. The district court sentenced Camacho to thirty years in prison. Camacho appeals, arguing that he is innocent of the charge, and that intimidation and misrepresentations of the law by his attorney rendered his guilty plea invalid. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The "circumstances surrounding the signing and entry of [Camacho's] plea agreement" indicate that Camacho knowingly and voluntarily waived his right to appeal the denial of his motion withdrawing his guilty plea. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). Camacho's statements made "during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

At his first change of plea hearing, Camacho stated that he did not know what kind or quantity of drugs were in the car, contrary to the written guilty plea. Based on those statements, the magistrate judge would not accept the guilty plea at that time. At the second change of plea hearing, the court explained to Camacho in detail, through an interpreter, the nature of the same guilty plea and what would

2

occur at a trial. The court asked Camacho several times whether he understood his options and the terms of the plea agreement. Camacho confirmed that he had read the plea agreement and discussed it with his attorney, and agreed with the court that he had been caught with drugs. The court asked Camacho whether he "knew that there was methamphetamine in the vehicle," and Camacho answered affirmatively. When asked if he was satisfied with his attorney's representation, Camacho replied, "Yes." In signing his plea agreement, Camacho acknowledged that no one had made any threats or promises to him, or had forced him to plead guilty.

Camacho now asserts that he did not understand the plea agreement and that his attorney intimidated him which resulted in his guilty plea. These claims directly contradict the record. When an inconsistency exists in the record regarding a defendant's plea colloquy and his subsequent claims that the plea is invalid, there are sufficient grounds to consider the latter statements incredible. *See United States v. Erlenborn*, 483 F.2d 165, 167 (9th Cir. 1973).

The district court's findings that there is a factual basis for Camacho's guilty plea and that he entered it voluntarily with full knowledge of the consequences were not clearly erroneous. The district court did not abuse its discretion in denying the motion to withdraw the plea.

**AFFIRMED.**