**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30306 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00032-SEH-1 |
| v. | |
| BRUCE WAYNE EAGLEMAN, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 7, 2015**
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and BAYLSON,*** Senior
District Judge.

Defendant Bruce Eagleman, Jr. drove while severely intoxicated, swerved

into the wrong lane, and killed four people. Defendant pled guilty to second

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael M. Baylson, Senior District Judge for the
U.S. District Court for the Eastern District of Pennsylvania, sitting by designation.

degree murder under 18 U.S.C. §§ 1111(a), 1153(a).  On the eve of sentencing, Defendant moved to withdraw his guilty plea, but the district court denied his motion.  The district court sentenced Defendant to 405 months.  Defendant challenges the denial of his motion to withdraw his plea, and the district court's decision not to apply a sentencing reduction based on his acceptance of responsibility.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

"We review the district court's denial of [a] motion to withdraw [a] guilty plea for abuse of discretion."  *United States v. Briggs*, 623 F.3d 724, 727 (9th Cir. 2010).  "We review de novo the sufficiency of a Rule 11 plea colloquy."  *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008).

Defendant argues that he should have been allowed to withdraw his guilty plea because his plea was not knowing, voluntary, and supported by a factual basis, as shown by the Rule 11 colloquy.  We disagree.  Although Defendant was confused about malice aforethought, he later agreed that he acted with malice when the term was explained.  Further, even if Defendant may have decided to plead in part because he did not trust his court-appointed lawyer, "being forced to choose between unpleasant alternatives is not unconstitutional."  *United States v. Kaczynski*, 239 F.3d 1108, 1115–16 (9th Cir. 2001).  Finally, his plea was factually supported.  While Defendant disagreed with two facts contained in the Offer of

Proof, Defendant agreed with enough of the facts to establish that he committed second degree murder.

"Whether a defendant has accepted responsibility is a finding of fact reviewed for clear error." *United States v. Melvin*, 91 F.3d 1218, 1227 (9th Cir. 1996). "Due to the sentencing judge's unique position in evaluating a defendant's acceptance of responsibility, 'the determination of the sentencing judge is entitled to great deference and should not be disturbed on review unless without foundation.'" *Id.* (quoting U.S.S.G. § 3E1.1, cmt. n. 5).

A defendant is entitled to a sentencing reduction if he clearly demonstrated acceptance of responsibility for his offense. U.S.S.G. § 3E1.1. Defendant twice pled guilty, but also twice moved to withdraw his pleas on the eve of sentencing. Looking at this history, the district court decided that Defendant's "repeated efforts to avoid responsibility, strongly suggest to this court that [he has] a willingness to malinger or take actions that attempt to avoid responsibility. . . . [He] strung this case out for literally years, with first one activity or another, in what can only be, in retrospect, characterized as an effort to avoid responsibility." This conclusion was not clear error.

**AFFIRMED.**