**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-30086 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00019-BLW-7 |
| v. | |
| ROBERT LAMAR HILL, AKA Ace, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted May 9, 2018**
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and TUNHEIM,*** Chief District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Robert Lamar Hill appeals his sentence after pleading guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), (b)(1)(C), and 846.

We reject Hill's argument that his appellate waiver is unenforceable because counsel inaccurately predicted the ultimate sentence. Counsel's prediction was not a gross mischaracterization of the sentence imposed by the court, and "a defendant can validly waive appeal rights without being informed of the severity of the sentence that will be imposed" so long as counsel's "inaccuracy was not a 'gross mischaracterization.'" *United States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2016) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005)). Hill's ineffective assistance of counsel argument likewise fails because "a mere inaccurate prediction, standing alone, would not constitute ineffective assistance." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

We also reject Hill's argument that his plea was not knowing and voluntary because he did not understand the process by which the court would determine his sentence under the Guidelines. The process was accurately explained in the plea agreement, and the district court further explained the process in detail at the plea colloquy, providing examples of how the Guidelines range would be calculated. Hill's statement that he understood the process carries "a strong presumption of

2

veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511

F.3d 1233, 1236 (9th Cir. 2008).

**DISMISSED.**