**NOT FOR PUBLICATION**

JUN 06 2019

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30039 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 1:16-cr-02058-SMJ-1 |
| DARRYL WILLIAM YOUNG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted May 15, 2019[**]
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and FRIEDLAND, Circuit Judges.

Defendant Darryl William Young ("Young") appeals his conviction by

guilty plea to three counts of bank robbery using a dangerous weapon, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 2113(a) and (d), and two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  We dismiss.

Young expressly waived his right to appeal in his plea agreement. Accordingly, except to the extent that improper venue or a Rule 11 violation might void his guilty plea, his appeal must be dismissed.  See United States v. Arias-Espinosa, 704 F.3d 616, 620 (9th Cir. 2012).

Young expressly waived any right he might have had to a different venue, both in his plea agreement and after express advice during his plea colloquy.

Young did not object to the now-claimed omissions in his plea colloquy, so our review is limited to review for plain error.  See United States v. Ross, 511 F.3d 1233, 1235 (9th Cir. 2008).  As we held in United States v. Ross, an unobjected-to Rule 11 violation does not rise to the plain error standard unless the defendant shows "a reasonable probability that, but for the error, he would not have entered the [guilty] plea."  Id. at 1236 (alteration in original) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004)).  Young has not done so.

To the extent Young raises any other issues on appeal, they are covered by his appeal waiver and therefore must be dismissed.

**DISMISSED.**