NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10335 |
| Plaintiff-Appellee, | 18-10417 |
| v. | D.C. No. 3:15-cr-00518-MMC-1 |
| ROBERT JACOBSEN, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted March 3, 2020[**]
San Francisco, California

Before: SILER,[***] WARDLAW, and M. SMITH, Circuit Judges.

Defendant Robert Jacobsen appeals the district court's denial of his motion

to withdraw his guilty plea. The waiver of appeal provision in Jacobsen's plea

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

agreement bars this appeal, and we dismiss.

"A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

"We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." *Id.* In the plea agreement, Jacobsen agreed to give up the "right to appeal [his] conviction, as well as any aspect of [his] sentence," and agreed "not to ask the Court to withdraw [his] guilty pleas at any time after they are entered." Jacobsen's waiver of his right to appeal thus includes an appeal from a denial of a motion to withdraw the plea.

Although Jacobsen now claims his plea was not voluntary, his representations under oath during the plea colloquy demonstrate otherwise. Jacobsen represented that he read and understood the plea agreement, discussed it and possible defenses with his attorney, and was not threatened or encouraged to change his plea. He represented that he was not on medication that could affect his thinking. Throughout the plea colloquy, the district court posed a number of questions to ensure the plea was made knowingly and voluntarily, "to each of which defendant provided a clear and appropriate response." Those responses

2

"carry a strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012); *see also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

The record evidence does not contradict Jacobsen's statements. Although Jacobsen may believe that he suffered side effects from the medication he was taking, none of the evidence he presented indicates those side effects were present at the time of the plea colloquy. The diagnosis of mild cognitive impairment Jacobsen received nearly a year after the plea hearing does not indicate he was so impaired a year prior such that his plea was not voluntary, especially where the transcript of the plea colloquy confirms that Jacobsen understood the agreement. *See United States v. Briggs*, 623 F.3d 724, 728 (9th Cir. 2010) (rejecting an argument that the defendant did not understand the consequences of his plea and "tak[ing] the district court's detailed colloquy with Briggs as strong evidence that Briggs understood the meaning of his actions"). Because the evidence does not support the conclusion that Jacobsen did not understand his plea, the waiver provision in his plea agreement bars this appeal.

**APPEAL DISMISSED.**