Partial Concurrence and Partial Dissent by Judge BEA.
OPINION
BELL, District Judge:
Steven Yamashiro appeals his conviction and sentence for wire fraud and money laundering. We affirm his conviction, but vacate his sentence as a result of structural error and rémand for resentencing before a different judge.
I. Factual Background
From December 2005 to December 2007, Steven Yamashiro, a registered investment ' advisor and securities agent, engaged in a scheme to defraud his clients. The scheme involved more than ten victims and more than $3.5 million. Yamashiro was charged with eight counts of wire fraud in violation of 18 U.S.C. § 1343, two counts of money laundering in violation of 18 U.S.C. § 1957, and two asset forfeiture claims pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982. On December 27, 2011, Yamashiro pleaded guilty to two counts of wire fraud (Counts 1 & 6) and one count of money laundering (Count 10). Yamashiro waived *1234 any right to appeal his convictions, except a claim based on an involuntary plea. He also waived his right to appeal a sentence of 78 months or less.
The Probation Office calculated a total offense level of 26 and a criminal history category of I, resulting in a Sentencing Guidelines range of 63-78 months of imprisonment. The Probation Office recommended a low-end sentence of 63 months.
On September 17, 2012, the day scheduled for sentencing, Yamashiro requested a substitution of counsel. The district court granted the motion, set a new date for sentencing, and released Yamashiro’s original counsel from further representation. Although Yamashiro’s newly substituted counsel had not yet arrived in court, the court agreed to listen to allocution from the victim witnesses who were in attendance so that. their travel to court would not be in vain. The court requested Yamashiro’s original counsel who had just been released to stay for the victim allocution until Yamashiro’s newly substituted counsel arrived, but advised him that he did not have to do anything.
Glenn Hale, the first victim witness, described his relationship of trust with Ya-mashiro, and the devastating consequences the fraud had on his life. He requested that the court impose the maximum penalty. After Hale completed his allocution, Yamashiro’s new counsel arrived in court and was present during the allocution of the next five victim witnesses.
Three months later, at the start of the second phase of the sentencing hearing, the district court denied defense counsel’s letter request for withdrawal of the plea. The court heard additional allocution from victim witnesses, and then sentenced Ya-mashiro to 63 months on each of the three counts, to run consecutively, for a total sentence of 189 months in prison and restitution of $3,911,457.
II. Jurisdiction
This Court has jurisdiction under 28 U.S.C. § 1291.
III. Discussion
A. Denial of Counsel
Yamashiro contends that the district court committed plain error when it allowed victim allocution to proceed without counsel present. Yamashiro did not object to this alleged error before the trial court. Accordingly, we review for plain error. Fed.R.Crim.P. 52(b).
In United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508, (1993), the United States Supreme Court identified four steps or prongs to plain-error review under Rule 52(b). Id. at 732-36, 113 S.Ct. 1770. We have summarized the Olano test as follows:
(1) there must be an error or defect ... that has not been ... affirmatively waived by the appellant (2) the legal error must be clear or obvious, rather than subject to reasonable dispute; (3) the error must havé affected the appellant’s substantial rights; and (4) if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error ... if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.
United States v. Mageno, 762 F.3d 933, 940 (9th Cir.2014) (quoting Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (internal quotation marks omitted)).
The alleged error in this case concerns the denial of the right to counsel. The Sixth Amendment right to counsel attaches at all critical stages of a criminal prosecution. Hovey v. Ayers, 458 F.3d 892, 901 (9th Cir.2006) (citing United States v. Wade, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)). “A critical *1235 stage is any ‘stage of a criminal proceeding where substantial rights of a criminal accused may be affected.’ ” Id. (quoting Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)). It has long been understood that sentencing is a “critical stage” at which a defendant is entitled to counsel. United States v. Leonti 326 F.3d 1111, 1117 (9th Cir.2003) (citing Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977)); see also Mempa, 389 U.S. at 136-37, 88 S.Ct. 254 (holding that a deferred sentencing hearing is a critical stage despite the limited discretion afforded the sentencing judge).
While conceding that sentencing is a critical phase and that victim Hale’s allocution occurred during a sentencing hearing, the government nevertheless contends that victim allocution is not a critical stage because crime victims have a nearly unfettered right to be heard at sentencing under the Crime Victims’ Rights Act (“CVRA”), 18 U.S.C. § 3771(a)(4), and are not subject to cross-examination Or other “trial-like confrontations.”
“[T]he essence of a ‘critical stage’ is not its formal resemblance to a trial, but the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel.” Leonti, 326 F.3d at 1117. The CVRA provides victims the right to be heard at sentencings. 18 U.S.C. § 3771(a)(4). Among the purposes of the CVRA is to make victims “full participants” in the sentencing process and to “ensure that the district court doesn’t discount the impact of the crime on the victims.” Kenna v. U.S. Dist. Court, 435 F.3d 1011, 1016 (9th Cir.2006). Victim allocution provides the court with information it may use in sentencing the defendant. Because the victim statements may influence the resulting sentence, substantial rights of the defendant may be affected. Victim allocution is thus part of the adversarial sentencing procedure.
There is also a possibility of significant prejudice if counsel is not present to hear what was said, how it was said, and how it was received by the court. This case provides a particularly clear illustration of the critical nature of victim allocution. Hale’s testimony was compelling, and the trial court readily acknowledged that he was influenced by the victims’ allocution because it increased his understanding of the human impact of Yamashiro’s conduct.
Yamashiro’s Sixth Amendment right to counsel was violated by the court’s decision to proceed with victim allocution in the absence of trial counsel during a portion of Yamashiro’s critical sentencing stage. The denial of counsel is error that is not subject to reasonable dispute, and Yamashiro did not affirmatively waive his right to counsel at this critical stage. Accordingly, this clear and obvious error satisfies the first two prongs of the Olano plain-error test.
The government argues that even if the proceeding violated Yamashiro’s right to counsel, any violation was trivial, and amounts to harmless error in light of the fact that only one victim spoke, his allocution was not subject to cross-examination, his statement was recorded, and he appeared again at the continuation of Yama-shiro’s sentencing.
Most trial errors are subject to harmless-error analysis. However, certain errors fall within the class of “structural defects in the constitution of the trial mechanism” that “defy analysis by ‘harmless-error’ standards.” Arizona v. Fulminante, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). “[T]he Sixth Amendment right to counsel is among those ‘constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.’ ” United States *1236 v. Hamilton, 391 F.3d 1066, 1070 (9th Cir.2004) (quoting Chapman v. California, 386 U.S. 18, 23 & n. 5, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). “[T]he absence of counsel during a critical stage of a criminal proceeding is precisely the type of ‘structural defect’ to which no harmless-error analysis can be applied.” 391 F.3d at 1070 (citation omitted).
Yamashiro was not represented by anyone when the allocution phase of his .sentencing proceeding began. His counsel had been dismissed, and his new counsel had not yet arrived. We have held that the denial of the right to counsel at sentencing is structural error. Robinson v. Ignacio, 360 F.3d 1044, 1061 (9th Cir.2004) (“Because of the fundamental importance of the right to counsel [at sentencing], Robinson need not prove prejudice and a harmless error analysis is not required.”).[1]
We conclude that the denial of counsel during a portion of the allocution phase of the sentencing proceeding was structural error, that the error was complete when the right to counsel was denied, and that no additional showing of prejudice was required.
In most cases, the requirement of the plain error test that an error “affect substantial rights” means that the error must have been prejudicial, i.e., that it must have affected the outcome of the district court proceedings. United States v. Gadson, 763 F.3d 1189, 1231 (9th Cir.2014). The requirement is different, however, in cases where there has been a finding of 'structural error because “a finding of structural error satisfies the third prong of the Olano plain-error test.” United States v. Redo, 371 F.3d 1093, 1101 (9th Cir.2004). We accordingly conclude that the error affected Yamashiro’s substantial rights. We are also satisfied that the denial of counsel seriously affected the fairness, integrity or public reputation of the judicial proceedings. Accordingly, Yama-shiro’s sentence will be vacated and the case will be remanded for resentencing. Because we are vacating Yamashiro’s sentence for structural error, we do not reach the question of whether the sentence was proeedurally and/or substantively unreasonable.
B. Motion to Withdraw Guilty Plea
Yamashiro contends that the district court abused its discretion by failing to rule on his motion to withdraw his guilty plea. He accordingly requests that his conviction be reversed and remanded for consideration of the motion.
Contrary to Yamashiro’s argument, the district court did deny his motion to withdraw his guilty plea. Denial of that motion was not error. “The decision whether to permit the withdrawal of a plea ‘is solely within the discretion of the district court.’ ” United States v. Showalter, 569 F.3d 1150, 1154 (9th Cir.2009) (quoting United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir.2003)). Accordingly, we review a district court’s denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ensminger, 567 F.3d 587, 590 (9th Cir.2009). Under this standard, we review the district court’s findings of fact for clear error. United States v. McTiernan, 546 F.3d 1160, 1166 (9th Cir.2008).
A defendant may withdraw a plea of guilty before sentencing if “the defendant can show a fair and just reason for requesting the withdrawal.” Fed. *1237 R.Crim.P. 11(d)(2)(B). Although the defendant has the burden of demonstrating a fair and just reason, United States v. Davis, 428 F.3d 802, 805 (9th Cir.2005), the “fair and just” standard is applied liberally. United States v. Bonilla, 637 F.3d 980, 983 (9th Cir.2011). “Fair and just” reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. McTiernan, 546 F.3d at 1167 (citing Davis, 428 F.3d at 805). Erroneous or inadequate legal advice may also constitute a fair and just reason for withdrawal of a plea. Bonilla, 637 F.3d at 983 (citing McTiernan, 546 F.3d at 1167). A defendant who moves to withdraw a guilty plea “is not required to show that he would not have pled, but only that the proper legal advice of which he was deprived ‘could have at least plausibly motivated a reasonable person in [the defendant’s] position not to have pled guilty.’ ” Bonilla, 637 F.3d at 983 (quoting United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir.2005)).
The district court did not abuse its discretion in denying Yamashi-ro’s motion to withdraw his guilty plea. Yamashiro’s testimony during the plea hearing directly contradicted his contention that he did not enter his plea voluntarily and knowingly. “Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.” United States v. Ross, 511 F.3d 1233, 1236 (9th Cir.2008). Yamashiro has not presented evidence to rebut the presumption that his statements at his plea were voluntary, nor has he presented evidence to suggest that it was plausible that he would have chosen to go to trial had he been given proper legal advice. Moreover, Yamashiro did not raise the issue of the voluntariness of his plea until almost a year after his plea, on the eve of sentencing. Yamashiro did not meet his burden of demonstrating a fair and just reason for withdrawing his plea. Accordingly, the district court did not abuse its discretion in denying Yamashiro’s motion to withdraw his guilty plea.
C. Reassignment
Yamashiro requests that on remand his case be reassigned to a different district judge for resentencing.
“ ‘Although we generally remand for resentencing to the original district judge, we remand to a different judge if there are unusual circumstances.’ ” United States v. Rivera, 682 F.3d 1223, 1237 (9th Cir.2012) (quoting United States v. Quack, 302 F.3d 1096, 1103 (9th Cir.2002)). To determine whether there are unusual circumstances that would warrant reassignment, we consider the following three factors:
(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness.
Id. (quoting Quack, 302 F.3d at 1103). “The first two of these factors are of equal importance, and a finding of one of them would support a remand to a different judge.” Id. (citation and internal quotation marks omitted). The “unusual circumstances” standard “does not require a showing of ‘actual bias on the part of the judge who first heard the case.’ ” Krechman v. Cnty. of Riverside, 723 F.3d 1104, 1111 (9th Cir.2013) (quoting Mendez v. *1238 Cnty. of San Bernardino, 540 F.3d 1109, 1133 (9th Cir.2008)).
Because the trial court committed structural error by proceeding with victim allocution while defense counsel was not present, and because the victim’s statements were highly significant in the judge’s sentencing consideration, reassignment is advisable to preserve the appearance of justice. See United States v. Noushfar, 78 F.3d 1442, 1448 (9th Cir.1996) (remanding with instructions to reassign the case where reversal was based on structural error). In United States v. Mikaelian, 168 F.3d 380 (9th Cir.1999), we held that reassignment to a different judge on remand for sentencing was advisable where the original judge reviewed in camera documents which could be relevant to sentencing arguments. Id. at 388. Here, as in Mikaelian, the district judge may have a difficult time putting out of his mind victim allocution that came in when defense counsel was not present. Second, the appearance of justice would be served by having another judge, who has not heard the victim allocution that came in while defendant was not represented, conduct the resentencing. Third, although reassignment will entail some duplication of effort, this case did not go to trial and accordingly does not present a new judge with a voluminous trial record to review. See id.
Because of the unusual circumstances in this case, we will remand with instructions that this case be reassigned tó a different judge for resentencing.
IV. Conclusion
'We affirm Yamashiro’s conviction, vacate his sentence for structural error, and remand with instructions that this case be reassigned to a different judge for resen-tencing.
CONVICTION AFFIRMED, SENTENCE VACATED and REMANDED.

. In United States v. Walters, 309 F.3d 589, 593 (9th Cir.2002), we held denial of counsel of choice at sentencing was not structural error and was subject to harmless error analysis. 309 F.3d at 592-93. Walters is distinguishable because it involved denial of counsel “of choice,” rather than denial of counsel altogether.