FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>v.<br><br>JOSEPH CUELLAR,<br><br>  Defendant - Appellant. | No. 15-10110<br><br>D.C. No. 1:10-cr-00285-LJO-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neil, District Judge, Presiding

Argued and Submitted March 14, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,[**] District Judge.

Joseph Cuellar pled guilty to knowingly violating the asbestos work-practice

standards of the National Emissions Standards for Hazardous Air Pollutants by failing

to dispose of asbestos-containing material at an authorized waste disposal site or

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

recycling facility. *See* 42 U.S.C. §§ 7412, 7413(c). Pursuant to a plea agreement, he was sentenced to twenty-seven months in prison. Prior to the imposition of sentence, Cuellar moved unsuccessfully to withdraw his guilty plea. Cuellar appeals from the order denying his motion. He also raises for the first time the claim that he was denied the effective assistance of counsel.

## I.

When a court has accepted a guilty plea, but not yet imposed a sentence, it has discretion to permit the defendant to withdraw his guilty plea for a fair and just reason. Fed. R. Crim. P. 11(d)(2)(B). The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion, with a clear-error standard applied to the factual findings. *United States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015). Cuellar offered two reasons for moving to withdraw his plea.

First, he argues that he suffered from short-term memory loss and Alzheimer's disease, which led him to plead guilty despite being innocent. After conducting an evidentiary hearing, the district court found that Cuellar did not suffer from Alzheimer's disease or any memory loss that prevented him from understanding the nature of the plea. The district court based this finding on the testimony of the psychologist who had conducted the most extensive examination of Cuellar, and it was not clearly erroneous. Indeed, the district judge observed that Cuellar had waited

2

a year before moving to withdraw his plea and did so only after a sentencing hearing where the judge indicated his reluctance to accept a plea agreement that would require any term of imprisonment.

Second, Cuellar argues that the district court made several errors during the plea colloquy that we hold are harmless. *See* Fed. R. Crim. P. 11(h). A defect in a plea colloquy is harmless if it "does not affect [a defendant's] substantial rights." *Id.* A defendant's actual knowledge of a fact of which he was not specifically advised by a district judge is a "critical consideration." *United States v. Littlejohn*, 224 F.3d 960, 969 (9th Cir. 2000).

While the district judge could have more fully explained the elements of the crime to which Cuellar pled guilty, Cuellar had read a draft and final copy of the agreement, discussed the agreement on several occasions with his counsel, and answered affirmatively at the colloquy that he understood the elements of the crime. Moreover, the district judge specifically elicited from Cuellar his acknowledgment that the facts contained in Exhibit A of the plea agreement that established a "factual basis" for the plea were true. Finally, even though the district judge failed to mention that an order of restitution was mandatory, the plea agreement stated that the "[d]efendant agrees to pay restitution in an amount to be determined by the Court."

Indeed at the evidentiary hearing, Cuellar acknowledged that counsel had previously told him that the court would order restitution.

## II.

Cuellar next alleges that his trial counsel provided ineffective assistance. While ineffective-assistance-of-counsel claims are generally resolved through a proceeding pursuant to 28 U.S.C. § 2255, testimony at the evidentiary hearing on Cuellar's motion to withdraw his guilty plea provides a sufficient record to rule on this issue. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Indeed, both parties agree that the factual findings that the district court made are sufficient to resolve this claim without a remand for additional findings of fact.

Cuellar's claim of ineffective assistance of counsel is based on three separate grounds. First, he argues that counsel failed to investigate his competency to plead. Nevertheless as discussed above, after conducting a full evidentiary hearing, the district judge found that Cuellar did not suffer from any mental impairments that prevented him from pleading knowingly and intelligently.

Second, Cuellar argues that his counsel inadequately explained the terms of the agreement. Specifically, he claims that counsel did not explain the elements of the crime to which he pled guilty and that he was not advised of the amount of restitution he would be required to pay. The record shows that counsel had represented Cuellar

4

for four years, and they had regularly discussed entering into the plea agreement. While Cuellar alleges that he was handed a final copy of the plea to review at a lunch meeting just before the plea colloquy, he had previously received a draft of the plea agreement, and counsel answered his questions about the final version at lunch. Indeed during the colloquy, Cuellar acknowledged that he understood the elements of the crime to which he was pleading and the facts upon which they were based. Moreover prior to the plea, neither counsel nor the court were required to inform Cuellar of the exact amount of restitution because "the amount . . . to be ordered will be ascertained later in the sentencing process." Fed R. Crim. P. 11(c)(1), advisory committee's note to 1985 amendment.

Third, Cuellar alleges that his counsel advised him to plead guilty even though he denied several factual allegations contained in the plea agreement. A defendant who maintains his innocence may nonetheless choose to plead guilty to avoid being convicted at trial and facing a harsher sentence. *See Brady v. United States*, 397 U.S. 742, 751 (1970). Exhibit A of the plea agreement identified nine witnesses who would have testified against Cuellar, documents that incriminated him, as well as dates and places where Cuellar violated environmental laws. Indeed, one of the witnesses named in Exhibit A testified at the evidentiary hearing. Moreover if

convicted at trial, Cuellar could have received a forty-five month sentence. Instead, the sentence he received was for twenty-seven months.

**AFFIRMED.**