**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC QUINN FRANKLIN,

Defendant - Appellant.

No. 14-30164

D.C. No. 3:11-cr-05335-BHS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 6, 2016
Seattle, Washington

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Eric Quinn Franklin was convicted in federal district court of being a felon

in possession of a firearm and several drug-related offenses. The district court

determined Franklin was subject to a 15-year minimum sentence under the Armed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Career Criminal Act ("ACCA") and a consecutive 5-year minimum for possessing a firearm in furtherance of drug trafficking, and sentenced him to 20 years of imprisonment. Franklin appeals his convictions and sentence. We affirm the convictions but vacate the sentence and remand the case for a new sentencing proceeding.

1. Assuming that the district court denied the suppression motion without holding an evidentiary hearing, it did not abuse its discretion by doing so. A district court is required "to conduct an evidentiary hearing when the moving papers filed in connection with a pre-trial suppression motion show that there are contested issues of fact relating to the lawfulness of a search." *United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995). Although Franklin contends it was contested whether the certified copies of the complaint, warrant, and return of the warrant introduced by the government were sufficient to prove a warrant had been issued prior to the search, Franklin offered no evidence to support the unsworn allegations in the memorandum accompanying his suppression motion. Standing alone, Franklin's unsworn, unsubstantiated assertions in the suppression memorandum did not constitute "an offer of proof 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search [were] in question.'" *United States v.*

*DiCesare*, 765 F.2d 890, 896 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir. 1985) (quoting *United States v. Ledesma*, 499 F.2d 36, 39 (9th Cir. 1974)). Absent such evidence, the district court was not required to hold an evidentiary hearing.

Nor did the court err in ruling that probable cause supported the search warrant. The complaint in support of the warrant application was based on two controlled buys of crack cocaine executed less than three months before the search, and one attempted controlled buy executed eight days before the search, during which Franklin told a confidential informant he was selling drugs at that time. This court "evalute[s] staleness 'in light of the particular facts of the case and the nature of the criminal activity and property sought.'" *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993) (quoting *United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991)). Taking the three incidents together, the information in the complaint was not stale. *See id.* at 1369-70 (holding that the information in an affidavit was not stale where it "support[ed] the inference that Pitts was more than a one-time drug seller" and recounted a sale 121 days before the search); *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986) ("With respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity.").

The complaint was also supported by personal knowledge. It listed the officers and confidential informants involved in the investigation and their various roles in the three controlled buys. The motion to suppress therefore was properly denied.

2. The court appointed four different attorneys to represent Franklin; each attorney moved to withdraw as counsel. The court granted the first three attorneys' motions. It did not err by declining to grant yet another motion to substitute counsel and by giving Franklin the choice between the extant lawyer and no lawyer. In reviewing a district court's denial of a motion to substitute counsel for abuse of discretion, we consider "whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *United States v. Lindsey*, 634 F.3d 541, 554 (9th Cir. 2011) (quoting *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005)). The conflict between Franklin and his fourth appointed attorney was not irreconcilable. The two clashed primarily over litigation strategy; strategic or tactical disagreements do not constitute a complete breakdown in communication. *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007). Furthermore, that Franklin had already fired three appointed attorneys over strategic disagreements suggested that Franklin was likely to precipitate a similar disagreement with a new appointed lawyer. When a

4

defendant acts unreasonably, the court may deny a motion for new counsel without abusing its discretion. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009); *United States v. Roston*, 986 F.2d 1287, 1292 (9th Cir. 1993).

3. But the district court *did* err in allowing Franklin to represent himself at sentencing without having first given adequate *Faretta* cautions. *See Faretta v. California*, 422 U.S. 806 (1975). "In order to deem a defendant's *Faretta* waiver knowing and intelligent, the district court must insure that he understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the 'dangers and disadvantages of self-representation.'" *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (quoting *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987)). The government admits that "the [district] court did not . . . explain the charges or penalties Franklin faced" during the sentencing hearing. Although the potential penalties were described to Franklin at his initial appearance in July 2011, two-and-a-half years prior to his waiver, and Franklin indicated at his sentencing hearing that he may have read the presentence report, Franklin stated just minutes before he waived his right to counsel that he was "facing 20 years." In fact, the maximum potential sentence he faced was life imprisonment plus five years. His statement thus indicates that he did not understand the potential penalties.

5

Moreover, the district court gave no warning specifically about the dangers of self-representation at sentencing. To satisfy the "dangers and disadvantages" warning requirement, the court must do more than "suggest[] that there are consequences in the abstract." *United States v. Hayes*, 231 F.3d 1132, 1137 (9th Cir. 2000). The court must offer "some instruction or description, however minimal, of the specific dangers and disadvantages of proceeding pro se." *Id.* at 1137-38. Here, the district court simply warned Franklin that self-representation was unadvisable because he lacked legal knowledge and understanding relative to his appointed attorneys. That warning was insufficient.

We therefore affirm the convictions, but vacate Franklin's sentence and remand the case for a new sentencing proceeding. *See Erskine*, 355 F.3d at 1170 n.12 ("*Faretta* error is not subject to the harmless error rule."); *United States v. Yamashiro*, 788 F.3d 1231, 1236 & n.1 (9th Cir. 2015).

4. We do not reach the ACCA or other sentencing questions because they may not arise on remand.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**