**NOT FOR PUBLICATION**



# FILED

JUN 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 14-30248 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00159-RHW-1 |
| v. | |
| **DORIS E. NELSON,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted February 4, 2016[**]
Seattle, Washington

Before:    **KOZINSKI**, **O'SCANNLAIN** and **GOULD**, Circuit Judges.

**1.** Nelson's first motion to withdraw her guilty plea listed four "points on which it is 'plausible' that given [new] information . . . , she would not have plead [sic] guilty" to each count charged in the indictment.  First, she claimed that a

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  <u>See</u> Fed. R. App. P. 34(a)(2).

securities lawyer, Conrad Lysiak, had only recently become available to assist with her defense. The district court reasonably rejected this contention, as the record showed that Nelson "had access to Mr. Lysiak's expertise" for "over two years after the Indictment." Second, Nelson claimed that, before she pled guilty, she did not have ready access to a hard drive containing important evidence. The district court reasonably found that her statements about the significance of the hard drive were not credible because she had access to the bulk of the information contained on the hard drive before pleading guilty. See United States v. Nostratis, 321 F.3d 1206, 1211 (9th Cir. 2003) (the district court has broad discretion to make credibility determinations in evaluating a motion to withdraw).

Third, Nelson claimed she did not know until after she pled guilty that she had a right to retain counsel. The district court reasonably found this claim disingenuous because Nelson had previously acknowledged that she had such a right. Finally, pointing to the fact that the district court grouped counts during the plea colloquy, Nelson alleged that the colloquy contained a "less-than-clear acknowledgment as to guilt on every count." But Nelson failed to identify particular counts for which she may not have acknowledged guilt had the district court inquired about each count separately. Accordingly, the district court didn't

abuse its discretion in denying Nelson's first motion to withdraw. See United States v. Yamashiro, 788 F.3d 1231, 1236–37 (9th Cir. 2015).

**2.** Nelson filed a renewed motion to withdraw her guilty plea just before sentencing. Her recently-retained counsel submitted an affidavit declaring that when Nelson pled guilty, she didn't realize she would be "exposed to a sentence based upon all alleged losses—those within the indictment and those provable under a preponderance standard." The district court reasonably determined that this contention wasn't supported by the record. Nelson never alleged that her trial counsel misled her about what her ultimate Guidelines calculation would be. She also acknowledged at her plea hearing that she faced a maximum sentence of 2200 years. Finally, as the district court noted, the relevant conduct for sentencing purposes was "by and large . . . set forth in the indictment," which Nelson "had and understood, according to her testimony" when pleading guilty. Nelson offered no testimony contradicting these previous acknowledgments, and "[s]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity." Id. at 1237 (quoting United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008)).

Nor could Nelson withdraw her plea because she expected that she would receive a three-point Guidelines reduction for pleading guilty. "A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." Nostratis, 321 F.3d at 1211. Accordingly, the district court didn't abuse its discretion in finding that Nelson's sentencing expectations didn't constitute a "fair and just reason" for withdrawal. See Yamashiro, 788 F.3d at 1237.

Finally, Nelson's counsel claimed her trial attorneys hadn't been prepared for trial at the time she pled guilty. But the district court had already determined, in rejecting Nelson's attempt to substitute counsel before pleading guilty, that "her counsel [were] adequately prepared for trial." Additionally, Nelson represented during her plea hearing six days later that she was satisfied with her lawyers, and both attorneys stated on the record that they were ready to go to trial, which was set to begin the following week. Before us, Nelson also suggests that the district court applied the wrong standard in rejecting this claim. But the order denying Nelson's original motion to withdraw her guilty plea supports the inference that the district court applied the proper standard when rejecting her new claim. Accordingly, the district court didn't abuse its discretion in denying Nelson's renewed motion to withdraw her guilty plea.

**AFFIRMED.**