

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10014 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00414-HDM-PAL-1 |
| v. | |
| DAMIEN WILLIAMS, AKA Goldie Cage, AKA Christopher Williams, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted January 13, 2017[**]
San Francisco, California

Before: WALLACE, CLIFTON, and M. SMITH, Circuit Judges.

Defendant Damien Williams appeals from his judgment after the district

court's denial of his motion to withdraw his guilty plea. We have jurisdiction under

28 U.S.C. § 1291. We review the district court's denial of Defendant's motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withdraw his guilty plea for abuse of discretion, *United States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015), and review "findings of fact supporting the district court's exercise of its discretion . . . for clear error." *United States v. McTiernan*, 546 F.3d 1160, 1166 (9th Cir. 2008). We affirm.

A defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). An attorney's failure to predict accurately a defendant's sentence will not constitute a "fair and just reason for requesting the withdrawal" unless the attorney "grossly mischaracterized" the possible sentence and the defendant demonstrates that this "plausibly could have motivated his decision to plead guilty." *United States v. Davis*, 428 F.3d 802, 808 (9th Cir. 2005); *see also United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010).

The district court did not clearly err in concluding that the sixty-four-month difference between Defendant's counsel's predicted sentence of 111 months and Defendant's received sentence of 175 months did not rise to the level of a "gross mischaracterization," sufficient to constitute "a fair and just reason for requesting the withdrawal" of Defendant's plea. *See Briggs*, 623 F.3d at 729 (affirming the denial of a defendant's motion to withdraw his guilty plea when the defendant expected a sentence of 200 months and received a sentence of 324 months); *United*

2

*States v. Garcia*, 909 F.2d 1346, 1348–49 (9th Cir. 1990) (affirming the denial of a defendant's motion to withdraw his plea when the defendant expected a sentence of eight years and received a sentence of over twenty years, reasoning, "it is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea."). Defendant was "aware that he faced a substantial term of incarceration," *Briggs*, 623 F.3d at 729, and his ultimate sentence was still "well within . . . the statutory maximum." *United States v. Oliveros-Orosco*, 942 F.2d 644, 646 (9th Cir. 1991). The district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea.

We decline to address Defendant's ineffective assistance of counsel claim. *See United States v. McKenna*, 327 F.3d 830, 854 (9th Cir. 2003) ("Claims of ineffective assistance of counsel are generally inappropriate on direct appeal.").

We are not persuaded by the additional arguments raised in Defendant's pro se supplement to counsel's brief. Defendant's sentence was not enhanced under the residual clause of U.S.S.G § 4B1.2(a)(2), defeating his argument regarding the applicability of *Johnson v. United States*, 135 S. Ct. 2551 (2015). His remaining arguments also lack merit.

**AFFIRMED.**