**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30087 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00179-TSZ-1 |
| v. | |
| SATYEN CHATTERJEE, AKA Satyen Chattopadhyay, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted June 8, 2017**
Seattle, Washington

Before:  McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Satyen Chatterjee ("Chatterjee") appeals from the District Court's denial of

his motion to withdraw his guilty plea and his motion for reconsideration of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of his motion to withdraw. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

A denial of a motion to withdraw a plea is reviewed for abuse of discretion, as is a denial of a motion for reconsideration. *See United States v. Mark*, 795 F.3d 1102, 1104 (9th Cir. 2015) (reconsideration); *United States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015) (withdrawal). A district court abuses its discretion either if it makes an error of law or if its "application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks omitted).

The District Court did not abuse its discretion in denying Chatterjee's motion to withdraw. Specifically, the District Court reasonably concluded that Chatterjee's two arguments in favor of withdrawal—he did not enter into his plea knowingly and he was legally innocent—did not warrant relief. Regarding the first argument, the elements of wire fraud were set forth both in the plea agreement and at the plea hearing. Further, as the transcript from the plea hearing reveals, Chatterjee, who is well educated, was asked multiple questions to determine

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

whether he was pleading knowingly and voluntarily to the offense of wire fraud, and Chatterjee gave no indication that he was confused about what he was pleading to or what his plea entailed. As a result, the District Court was justified in finding that Chatterjee "understood exactly what was happening" when he pleaded guilty.

The District Court was also justified in rejecting Chatterjee's claim of innocence. In his plea agreement, Chatterjee admitted that he was guilty of committing wire fraud. Additionally, Chatterjee agreed in his plea agreement, as well as at the plea hearing, that he "falsely represented to [an investor] that his funds would be used for a mutual fund" and that he "falsely represented that [the investor's] funds would not be commingled with other funds." "'Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.'" *Yamashiro*, 788 F.3d at 1237 (quoting *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008)). Thus, the District Court reasonably discounted Chatterjee's later protestation of innocence. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990) (stating that a defendant's "unsupported protest [of innocence] [i]s not a fair and just reason for withdrawal"). The fact that Chatterjee asserts that he intended to repay his victims is of no consequence, as a defendant's "'belief that [a] victim will be repaid and will sustain no loss is no defense at all.'" *United States v. Treadwell*, 593 F.3d

3

990, 997 (9th Cir. 2010) (quoting *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986)).

The District Court also did not abuse its discretion by denying Chatterjee's motion for reconsideration. In this motion, Chatterjee argued that he should be able to withdraw his plea because his first attorney provided ineffective assistance of counsel, he was innocent, and there would be an inconsistency between the facts asserted in his plea agreement and the facts that the District Court would find at sentencing. None of these arguments are persuasive. Chatterjee's ineffective assistance of counsel claim was not a proper basis for reconsideration because it was not made in the motion to withdraw, despite existing prior to the filing of that motion. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Furthermore, Chatterjee stated during his plea colloquy that he was satisfied with his counsel's representation. Finally, the claim fails on the merits, as a review of the record fails to show that Chatterjee's first attorney's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Chatterjee's renewed innocence claim also fails because the motion for reconsideration provided no new factual or legal basis for the District Court to revise its earlier decision. Additionally, the alleged inconsistencies that Chatterjee prophesied are illusory, as the District Court's findings at sentencing did not

4

contradict the factual assertions contained in the plea agreement or made at the plea hearing.

Finally, the manner in which the District Court disposed of Chatterjee's motion for reconsideration is not reversible error. Although the District Court's explanation for its denial was brief, it is clear that it considered Chatterjee's motion, and none of the alleged bases for reconsideration warranted relief. Therefore, under these circumstances, we cannot say that the District Court abused its discretion. Accordingly, the District Court is **AFFIRMED.**