NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10274 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00516-SOM-1 |
| v. | |
| JESSE MINOAKA KANESHIRO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted July 7, 2020**
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Defendant-Appellant Jesse Kaneshiro appeals from the district court's denial

of his motion to withdraw his guilty plea. Kaneshiro contends that the district

court erred in failing to warn Kaneshiro not to rely on his attorney's Sentencing

Guidelines recommendation, thereby abusing its discretion in denying Kaneshiro's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

motion. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." *See United States v. Yamashiro*, 788 F.3d 1231, 1236-37 (9th Cir. 2015). While it is a defendant's burden to demonstrate a fair and just reason for withdrawal, *id*. at 1237, "the fair and just standard is generous and must be applied liberally." *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011) (internal quotation marks and citation omitted). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See Yamashiro*, 788 F.3d at 1236.

While inadequate plea colloquies and "[e]rroneous or inadequate legal advice" are both examples of fair and just reasons for plea withdrawal, here, Kaneshiro failed to satisfy his burden on both fronts. *Bonilla*, 637 F.3d at 983 (citation omitted); *see also United States v. Ensminger*, 567 F.3d 587, 590-91 (9th Cir. 2009) ("[F]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies[.]") (internal quotation mark and citation omitted). Under Rule 11, a district court is obligated to "engage the defendant in a colloquy at the time the plea is entered" to establish "that the defendant is acting voluntarily, with an understanding of the charges which have been leveled at him, and upon a factual

2

basis which supports his conviction." *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) (quoting *United States v. Jimenez-Dominguez*, 296 F.3d 863, 866 (9th Cir. 2002)). Here, the district court's colloquy contained all the information required under Rule 11(b)(1), including information about the maximum and minimum penalty Kaneshiro faced and an outline of the Guidelines calculation process. The district court also obtained assurances from Kaneshiro that his plea was not based on any promise. While the district court did not explicitly tell Kaneshiro that he could not rely on a sentencing prediction made by his attorney, Kaneshiro cites no controlling authority that requires a court to do so.

Additionally, the district court did not err in determining that Kaneshiro failed to demonstrate that defense counsel provided him with "[e]rroneous or inadequate legal advice." *Bonilla*, 637 F.3d at 983 (citation omitted). Kaneshiro's declaration was insufficient to overcome his prior testimony that he was *not* promised any benefit for pleading guilty. Further, the district court reasonably credited defense counsel's declaration stating that he had not promised Kaneshiro a 120-month sentence—particularly after warning Kaneshiro that he would need further evidence or testimony to rebut that declaration, which Kaneshiro nevertheless declined to offer. *See United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003).

Because Kaneshiro failed to demonstrate a fair and just reason for withdrawal, the district court did not abuse its discretion in denying Kaneshiro's motion to withdraw his guilty plea. *See Yamashiro*, 788 F.3d at 1236-37.

**AFFIRMED**.