NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10156 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01470-RCC-JR-1 |
| v. | |
| PHILLIP DANIEL LOVE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted June 14, 2022[**]
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Defendant Phillip Daniel Love appeals the district court's final judgment

convicting him for possessing, distributing, and producing child pornography,

sentencing him to 90 years' imprisonment, and ordering him to pay $3,000 in

restitution to each of 15 victims. We affirm Love's conviction and his term of

imprisonment, but we vacate the restitution order and the supervised release

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

portion of his sentence and remand.

1. Although Love's unconditional plea of guilty waives "the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects," he may still attack the guilty plea itself. *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020) (citation omitted). Because a "constructive denial of counsel" would invalidate Love's plea, we may consider whether the district court abused its discretion in refusing to substitute counsel, such that Love was constructively denied counsel altogether. *See United States v. Velazquez*, 855 F.3d 1021, 1034 (9th Cir. 2017). There was no such abuse of discretion here.

In reviewing a denial of a motion for substitution, we consider three factors: "(1) the adequacy of the district court's inquiry; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of defendant's motion." *United States v. Minasyan*, 4 F.4th 770, 775 n.2 (9th Cir. 2021) (citation omitted). Although there was clearly a conflict between Love and his attorney, the district court did not abuse its discretion in concluding that appointment of new counsel was not warranted because the conflict was due to Love's obstreperous behavior. *See United States v. Roston*, 986 F.2d 1287, 1292–93 (9th Cir. 1993). The district court reasonably concluded that Love's disruptive conduct was intentional and would extend to whatever counsel might be appointed to represent him. Indeed, one of the psychologists who evaluated Love in connection with his competency

proceedings described Love's strategy as resting in part on the hope that a refusal to "consent[] to participate in legal proceedings" might lead to dismissal of the charges. Moreover, counsel's refusal to file frivolous motions does not provide a basis for finding a conflict warranting replacement of appointed counsel. *See United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003). The court was not required in this case to undertake a more formal inquiry because "the judge's own observations" throughout the course of the proceedings "provide[d] a sufficient basis for reaching an informed decision." *United States v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002) (citation omitted). And although Love's initial requests to relieve his attorney were timely, the other factors nonetheless confirm that the district court did not abuse its discretion in refusing to replace counsel with another attorney. In short, there was no constructive "complete denial of counsel" sufficient to invalidate Love's guilty plea. *Velazquez*, 855 F.3d at 1034 (citation omitted).

2. "A defendant may withdraw a plea of guilty before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Yamashiro*, 788 F.3d 1231, 1236–37 (9th Cir. 2015) (quoting FED. R. CRIM. P. 11(d)(2)(B)). The district court did not abuse its discretion in concluding that Love's later claims of pain at the change-of-plea hearing did not render his plea involuntary. At the plea hearing, the district court specifically asked Love

3

about his broken hand and his pain medication. Although Love stated at one point that he was "in pain," he confirmed that he was deciding to plead guilty by his "own free will" and also that the pain medication was not affecting his decision to plead guilty.

The district court also did not abuse its discretion in denying Love's request to withdraw his plea based on his alleged failure to be informed of, or to comprehend, the jurisdictional elements of the child-pornography charges against him.[1] The district court provided a copy of the indictment to Love in open court and went through it with him, count by count, asking him at various points if he wanted specific portions read to him. *See Bousley v. United States*, 523 U.S. 614, 618 (1998) (stating that providing defendant with a copy of the indictment "give[s] rise to a presumption that the defendant was informed of the nature of the charges against him"). The prosecutor also explained each charge to Love at the plea hearing. Moreover, the record preceding the plea hearing included Love's specific criticisms of the expansive understanding of the interstate-commerce power on which the child-pornography charges against him were based, further confirming

---

[1] Although the district court's brief written order does not discuss this ground, the order confirms that the court reviewed the entire transcript of Love's plea colloquy (even if it recited the wrong date for that transcript) and that the court was satisfied that the plea was voluntarily given. The court's focus on Love's hand-pain claim was understandable, given that Love described it as the "main point" of his motion.

4

that Love was well aware of the jurisdictional elements of these charges. *See United States v. Vonn*, 535 U.S. 55, 74–75 (2002) (holding that a court examining validity of a plea may consider preceding hearings that the defendant "may be presumed to recall"). The record amply confirms that Love adequately understood the nature of the charges, *see* FED. R. CRIM. P. 11(b)(1)(G), and there was no basis to set aside the plea on this ground.[2] *See United States v. Aguilar-Vera*, 698 F.3d 1196, 1202 (9th Cir. 2012).

3. Because Love did not raise his current claims of procedural error at sentencing, we review only for plain error. *See United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). Applying that standard, we reject Love's challenges to his sentence of imprisonment.

In context, the district court's comments that Love's failure to participate in a presentence interview or a psychosocial evaluation "deprived th[e] [c]ourt of any information that it could use in terms of mitigation in this case," merely reflected the court's observation that Love had declined the opportunity to provide additional grounds for mitigation. The court's remark did not mean that the court

---

[2] The district court did not commit plain error in failing to set aside Love's guilty plea based on a supposedly inadequate factual basis for the plea. Given Love's own admissions, and his express agreement with the bulk of what the prosecutor stated that the evidence would show, the transcript of the plea hearing contains an adequate factual basis.

was unaware of the mitigating information that was contained in the presentencing report or that Love had mentioned briefly during his plea colloquy. On the contrary, the court confirmed that it had read the presentencing report and Love's sentencing memorandum.

The district court's explanation for the sentence, while brief, does not amount to plain error. The presentence report and sentencing memorandum recited the sentencing factors that Love argues should have been specifically addressed, and the court clearly found, in accordance with the Government's and the probation office's recommendations, that a sentence at the statutory maximum was nonetheless justified. The court considered Love's objections, specifically agreeing that the presentence report had overstated Love's prior state court sentence. There was no plain error in the court's explanation of the sentence of imprisonment. *See Blinkinsop*, 606 F.3d at 1114 ("Adequate explanation not only derives from the judge's pronouncement of the sentence, but 'may also be inferred from the PSR [presentence investigation report] or the record as a whole.'" (citation omitted) (brackets added by *Blinkinsop*)).

4. The Government concedes that the restitution order should be vacated and remanded so that the district court may apply the analysis that *Paroline v. United States*, 572 U.S. 434 (2014), requires before imposing restitution under the pre-2018 amendment version of 18 U.S.C. § 2259. Love contends that vacatur of

6

the restitution order undoes the entire "sentencing package" and that we should therefore vacate the remainder of the sentence as well. We agree that, because Love's term of supervised release contains a special condition relating to restitution, his term of supervised release should also be vacated and reconsidered. However, Love's term of imprisonment, which has already been set at the statutory maximum, cannot reasonably be viewed as dependent upon, or part of a package with, any additional judgment as to whether the restitution order can or should be reinstated. Accordingly, we vacate only the restitution order and the "supervised release portion" of Love's sentence, and we remand for the "limited purpose" of reconsidering restitution and "imposing a new supervised release sentence." *United States v. Reyes*, 18 F.4th 1130, 1139 (9th Cir. 2021). Love's sentence of 90 years' imprisonment is affirmed.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**