NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN GUTIERREZ,

Defendant - Appellant.

No. 23-765

D.C. No.
2:19-cr-00108-JAK-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted January 16, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[***]

Ivan Gutierrez appeals his conviction and 168-month sentence after pleading

guilty to conspiracy to possess with intent to distribute cocaine, methamphetamine,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

and fentanyl, and distribution of methamphetamine and cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), (a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii), and 18 U.S.C. § 2(a). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** Gutierrez contends that his guilty plea was not knowing and voluntary because he did not understand that he waived his right to appeal the district court's denial of his pretrial motion to suppress wiretap evidence. The parties contest whether we review de novo or for plain error. However, we need not decide this issue, as even under de novo review, Gutierrez's guilty plea was knowing and voluntary.

"A plea is voluntary if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. . . ." *United States v. Seng Chen Yong*, 926 F.3d 582, 590 (9th Cir. 2019) (citation and internal quotation marks omitted). Gutierrez acknowledged that, by pleading guilty, he was "giving up his right to appeal the evidentiary rulings that ha[d] occurred thus far in trial." These rulings included admission of the wiretap evidence introduced at trial the same morning he pled guilty. At no point was Gutierrez told otherwise. *Cf. United States v. Cortez*, 973 F.2d 764, 768-69 (9th Cir. 1992) (concluding that a plea was not voluntary when counsel, the government, and the district court misrepresented that the defendant could bring a selective prosecution claim post-conviction); *see also United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir.

2015) (determining that a defendant had not shown that a plea was involuntary when he presented no evidence inconsistent with his statements that he was pleading guilty voluntarily).  Similarly here, we are not persuaded that Gutierrez's plea was involuntary and we affirm his conviction as to this challenge.

**2.**  Gutierrez maintains that the district court abused its discretion by denying his request for substitute counsel prior to imposing sentence.[1]  "We review a district court's decision to deny a substitution motion for abuse of discretion." *United States v. Lindsey*, 634 F.3d 541, 554 (9th Cir. 2011) (citation omitted). "When reviewing a district court's denial of a substitution motion, we consider three elements:  (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *Id*. (citation and internal quotation marks omitted).

The district court extensively questioned Gutierrez at an in-camera hearing, asking him specific questions, such as, "do you think [counsel] is listening to you[?]" and "[d]o you think you have a professional relationship and effective

---

[1] We reject the government's argument that Gutierrez waived this claim.  Even after the district court concluded that substitute counsel was not needed, Gutierrez continued to express his desire for new counsel.  This persistence cannot be considered a withdrawal of his request. *Cf. United States v. Streich*, 560 F.3d 926, 929 n.1 (9th Cir. 2009).

communication[?]" *See United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777-78 (9th Cir. 2001) (noting that courts must ask "specific and targeted questions" to ascertain if communication has broken down) (citation omitted). Gutierrez acknowledged that besides disagreements on "certain effects of prior rulings" and "timing of decision-making," he could effectively communicate with counsel. *See Lindsey*, 634 F.3d at 554 (holding that, even when the client and attorney testified that "they had difficulty communicating, nothing suggested a . . . significant breakdown in communication that substantially interfered with the attorney-client relationship") (citation and internal quotation marks omitted). Ultimately, Gutierrez conceded that, if substitute counsel would not advise him differently on legal issues, there was no need for different counsel. Thus, the district court did not abuse its discretion, and we affirm the denial of Gutierrez's request for substitute counsel. *See id*.

**3.** Finally, Gutierrez argues that the district court's application of a leadership enhancement under the Sentencing Guidelines violated his equal protection and due process rights because the sentence of his brother Eric, who pled guilty to similar charges nearly six months before Gutierrez's trial, was not similarly enhanced.[2] "We review de novo a claim that a sentence violates a

---

[2] The government contends that plain error review applies because Gutierrez did not specifically state that the sentence disparities gave rise to an equal protection claim. However, Gutierrez repeatedly raised the disparate treatment issue. *See*

defendant's constitutional rights. . . ." *United States v. Henderson*, 998 F.3d 1071, 1073 (9th Cir. 2021) (citation omitted). The district court did not err in applying the aggravating role adjustment to Gutierrez, as there was abundant evidence that he acted as a "manager or supervisor." *United States v. Gadson*, 763 F.3d 1189, 1222 (9th Cir. 2014). In addition, Gutierrez and Eric were not "similarly circumstanced," and therefore there was no equal protection violation. *Mayner v. Callahan*, 873 F.2d 1300, 1301 (9th Cir. 1989). By the time the government completed preparation for Gutierrez's trial, evidence identified both brothers as managers or supervisors. However, the record from Eric's sentencing did not include evidence that he acted as a manager or supervisor. As noted above, Eric accepted the government's plea offer nearly six months before Gutierrez's trial, only after which the government uncovered additional incriminatory evidence about the brothers' managerial or supervisory roles. Thus, Gutierrez has not established an equal protection or due process violation. *See id*.

**AFFIRMED.**

---

*United States v. Lillard*, 935 F.3d 827, 833 (9th Cir. 2019) (explaining that "it is claims that are deemed waived or forfeited, not arguments.") (citation and alteration omitted).